UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY ALLAN HATFIELD,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. NAUGHTON, *et al.*,<br><br>                              Defendants. | Case No. 3:19-CV-00531-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 26] |

This case involves a civil rights action filed by Plaintiff Gregory Allan Hatfield ("Hatfield") against Defendants Martin Naughton ("Naughton"), Kim Adamson ("Adamson"), and Russelle Donnelly ("Donnelly") (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF No. 26.)[2] On November 23, 2021, the Court gave Hatfield notice of Defendants' motion pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (ECF No. 30.) Despite the Court *sua sponte* granting an extension of time, (ECF No. 31), Hatfield has failed to file an opposition to the motion. For the reasons stated below, the Court recommends that Defendants' motion for summary judgment, (ECF No. 26), be granted.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Hatfield was an inmate formerly in the custody of the Nevada Department of Corrections ("NDOC") and was incarcerated at the Lovelock Correctional Center ("LCC") at the time relevant to his complaint. (ECF No. 8.) Defendants were all employed with the NDOC at the time relevant to the complaint. (ECF Nos. 26-3, 26-4, 26-5.) On August 23, 2019, Hatfield filed his complaint pursuant to 42 U.S.C. § 1983, alleging an Eighth

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]   ECF No. 28 consists of Hatfield's medical records filed under seal.

Amendment claim for deliberate indifference to serious medical needs relating to an alleged delay in treatment of his Hepatitis C ("Hep-C"). (ECF No. 1-1.) The complaint was screened pursuant to 28 U.S.C. § 1915A and Hatfield was permitted to proceed on his Eighth Amendment claims against Defendants Naughton, Adamson, and Donnelly. (ECF No. 7.)

Hatfield alleges in his complaint that in July 2018, Adamson and Donnelly diagnosed him with Hep-C. (ECF No. 8 at 4.) Hep-C is a life-threatening illness, but Adamson and Donnelly refused to treat Hatfield and instead falsely claimed that the illness would cure itself. (*Id.*) As a result of the lack of treatment, Hatfield's health continued to deteriorate. (*Id.*) Hatfield alleges that Adamson referred him to the Utilization Review Panel, which determined that he was not a candidate for treatment because of the cost. (*Id.*) Naughton was aware of Plaintiff's worsening medical condition but refused to provide him treatment. (*Id.* at 3-4.) Hatfield alleges that despite there being a cure for Hep-C, Defendants refused to provide it because of the cost. (*Id.* at 5.) Finally, Hatfield alleges that because of the lack of care, he now suffers from cirrhosis of the liver. (*Id.*)

On November 22, 2021, Defendants filed the instant motion for summary judgment arguing, (1) Defendants were not deliberately indifferent to Hatfield's serious medical needs, (2) Hatfield was not harmed by any alleged delay in treatment, (3) Defendant Donnelly lacked personal participation in the alleged constitutional violations, and (4) all Defendants are entitled to qualified immunity. (ECF No. 26.) Hatfield did not oppose the motion.

## II.   LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim or claims determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of

the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any

inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Upon the parties meeting their respective burdens for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues

4

of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

## III. DISCUSSION

### A. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency" by prohibiting the imposition of cruel and unusual punishment by state actors. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation omitted). The Amendment's proscription against the "unnecessary and wanton infliction of pain" encompasses deliberate indifference by state officials to the medical needs of prisoners. *Id.* at 104 (internal quotation omitted). It is thus well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 105.

Courts in Ninth Circuit employ a two-part test when analyzing deliberate indifference claims. The plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation omitted). First, the objective component examines whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

Second, the subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002)

(internal quotation omitted). However, a prison official may only be held liable if they "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004). The defendant prison official must therefore have actual knowledge from which they can infer that a substantial risk of harm exists, and also make that inference. *Colwell*, 763 F.3d at 1066. An accidental or inadvertent failure to provide adequate care is not enough to impose liability. *Estelle*, 429 U.S. at 105–06. Rather, the standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other. . ." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Accordingly, the defendants' conduct must consist of "more than ordinary lack of due care." *Id.* at 835 (internal quotation omitted).

Moreover, the medical care due to prisoners is not limitless. "[S]ociety does not expect that prisoners will have unqualified access to health care…." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Accordingly, prison officials are not deliberately indifferent simply because they selected or prescribed a course of treatment different than the one the inmate requests or prefers. *Toguchi*, 391 F.3d at 1058. Only where the prison officials' "'chosen course of treatment was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health,'" will the treatment decision be found unconstitutionally infirm. *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). In addition, it is only where those infirm treatment decisions result in harm to the plaintiff—though the harm need not be substantial—that Eighth Amendment liability arises. *Jett*, 439 F.3d at 1096.

### 1.     Analysis

Starting with the objective element, Defendants concede that Hatfield's Hep-C constitutes a "serious medical need." However, Defendants argue summary judgment should be granted because Hatfield cannot establish the second, subjective element of his claim. Specifically, Defendants argue they were not deliberately indifferent to Hatfield's condition. Under the subjective element, there must be some evidence to create an issue of fact as to whether the prison official being sued knew of, and deliberately

disregarded the risk to Hatfield's safety. *Farmer*, 511 U.S. at 837. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Moreover, this requires Hatfield to "demonstrate that the defendants' actions were both an actual and proximate cause of [his] injuries." *Lemire v. California*, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing *Conn v. City of Reno*, 591 F.3d 1081, 1098- 1101 (9th Cir. 2010), *vacated by City of Reno, Nev. v. Conn*, 563 U.S. 915 (2011), *reinstated in relevant part* 658 F.3d 897 (9th Cir. 2011).

Here, Defendants submitted authenticated evidence regarding the medical treatment Hatfield received related to his Hep-C. (*See* ECF Nos. 28-1, 28-2, 28-3, 28-4 (sealed).) The medical evidence shows the following: Hatfield's Hep-C diagnosis was first discussed with NDOC medical staff in June 2018. (ECF No. 28-1 at 6 (sealed).) At that time, he requested labs to check his enzyme levels, he had no abdominal complaints, and his abdomen was normal and non-tender. (*Id.*) He was referred to the Chronic Disease Clinic ("CDC") for follow-up on his Hep-C in July 2018. (ECF No. 28-2 (sealed).) At that time, Hatfield requested treatment, but was told he did not qualify for treatment based on his APRI scores, his medical condition, and NDOC policy. He was, however, regularly monitored and evaluated for any potential disease progression in the CDC.

In October 2018, Hatfield's APRI score was 0.40 (ECF No. 28-3 at 5 (sealed).) In May 2019, his APRI score had increased to 0.62. (*Id.* at 2.) His scores continued to increase, and on October 15, 2019, he was approved for Hep-C treatment. (ECF No. 28-1 (sealed).) Prior to treatment, an ultrasound of his liver was conducted. (ECF No. 28-4 (sealed).) The liver ultrasound showed no liver tumors or masses and aside from "hepatic steatosis" the ultrasound was "sonographically normal." (*Id.* at 3.) Hepatic Steatosis, or fatty liver, is often a result of alcohol abuse, not hepatitis. (ECF No. 26-3.) Lab work performed in May 2020 shows that there is no Hep-C detected in Hatfield's blood. (ECF No. 28-3 at 8 (sealed).)

Additionally, Defendants provided the sworn declaration of Defendant Naughton, Senior Physician for the NDOC, who reviewed Hatfield's medical records and attested to

the following: Hatfield suffered from chronic Hep-C. Hatfield did not exhibit any symptoms of decreased liver function, namely: (1) spider angiomata; (2) palmar erythema; (3) gynecomastia; (4) ascites; or (5) jaundice. Hatfield did not require drug intervention to treat his Hepatitis-C at the time of his complaint due to his scores and lack of symptoms. Ultimately, Hatfield was approved for treatment, based upon his scores and the consent decree filed in this Court and he began treatment in early 2019. (ECF No. 26-3.)

Therefore, Defendants have submitted evidence that establishes Defendants affirmatively monitored Hatfield's Hep-Cand Defendants have met their initial burden on summary judgment by showing the absence of a genuine issue of material fact as to the deliberate indifference claim. *See Celotex Corp.*, 477 U.S. at 325. The burden then shifts to Hatfield to produce evidence which demonstrates that an issue of fact exists as to whether Defendants were deliberately indifferent to his medical needs. *Nissan*, 210 F.3d at 1102.

Hatfield did not oppose the motion and did not submit any evidence in opposition to the motion. Therefore, Hatfield has failed to meet his burden on summary judgment to establish that prison officials were deliberately indifferent to his medical needs as he failed to come forward with any evidence to create an issue of fact as to whether Defendants deliberately denied, delayed, or intentionally interfered with the treatment plan. *See Hallett*, 296 F.3d at 744. Moreover, to the extent that Hatfield's assertions in this case are based upon his disagreement with Defendants' choice of treatment, this does not amount to deliberate indifference. *See Toguchi*, 391 F.3d at 1058. In cases where the inmate and prison staff simply disagree about the course of treatment, only where it is medically unacceptable can the plaintiff prevail. *Id.* Therefore, Hatfield has failed to show that the NDOC's "chosen course of treatment was medically unacceptable under the circumstances." *Id.*

Accordingly, Hatfield fails to meet his burden to show an issue of fact that Defendants were deliberately indifferent to his needs. Based on the above, the Court

recommends Defendants' motion for summary judgment be granted.[3]

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion for summary judgment, (ECF No. 26), be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 26), be granted and judgment be entered accordingly.

**DATED**: January 28, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court does not address Defendants' personal participation or qualified immunity arguments because the Court finds that Hatfield's constitutional claim fails on the merits.